**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: September 21, 2017
Date Decided: December 6, 2017

Dean Campbell, Esquire
Law Office of Dean A. Campbell LLC
20175 Office Circle
Georgetown, DE 19947

Richard E. Berl, Jr., Esquire
Berl & Feinberg LLP
34382 Carpenter's Way, Suite 3
Lewes, DE 19958

Re: *Fringer v. Kersey Homes, Inc., et al.*, Civil Action No. 9780-VCG

Dear Counsel:

This matter involves the Plaintiff's attempt to impose an "equitable execution" arising from a Superior Court judgment, based on an alleged fraudulent conveyance. The matter was tried on July 25, 2017. Post-trial briefing followed.

On reviewing the briefs, I find that the parties have omitted statements of fact citing to the trial record. At the conclusion of trial, I noted that the parties would require preparation of a trial transcript in aid of post-trial proceedings.[1] I also noted that the amount at issue was not large, and encouraged the parties to act in a cost-effective way in post-trial submission.[2] I did not thereby mean to relieve counsel of the obligation to cite to the record, however.

---

[1] July 25, 2017 Trial Tr. 163:6.
[2] *Id.* at 162:22–24.

The Plaintiff's Opening Post-Trial Brief is in memorandum form and omits a recitation of facts. The Defendants' Opening Post-Trial Brief states that "the Pretrial Stipulation includes a number of facts stemming from the Superior Court action . . . . Those facts may provide some context, but . . . [certain Defendants] were [not] parties to that action and as a result such facts cannot be imputed to them."[3] The Plaintiff's Answering Brief, on the other hand, avers that "there are relatively few facts in dispute," and refers to "stipulated facts" from the Superior Court action, stipulated facts "previously in this Court," and "[o]ther stipulated facts."[4] In light of those undescribed facts, the Plaintiff concludes, "a full statement of facts is not necessary."[5] I disagree.

This matter went to trial for a reason. Presumably, that reason was to adduce facts upon which I could decide the issues in dispute. A Chancery Court reporter transcribed the proceedings, so that a record could be created upon which counsel could rely in aid of the judicial decision just referenced. Accordingly, a statement of facts citing to the record, whether stipulated to or developed at trial, would be helpful to me in deciding this matter. The Plaintiff should submit a proposed Statement of Facts, in numbered paragraphs, with record citations. The Defendants should admit or deny each paragraph, and if they deny, set out a counter-factual

---

[3] Defs.' Opening Post-Trial Br. 2.
[4] Pl.'s Answering Br. 3.
[5] *Id.*

paragraph, citing to the record. The Defendants should also submit any additional facts necessary to their defense, in the form above, to which the Plaintiff should reply as described above.

The Parties shall confer and provide me with a form of order setting out a schedule for the factual submission just described. In light of the season, upon which I have no wish to impose, I would suggest dates for submission of factual statements in January 2018.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III